## KELLOGG v. HAVERFORD COURT HOTEL.

### Civ. No. 9276.

United States District Court
E. D. Pennsylvania.

Dec. 28, 1950.

William L. Huganir, of Duffy, McTighe & McElhone, Norristown, Pa., for plaintiff.

Sidney Schulman, of Schulman & Schulman, Philadelphia, Pa., for defendant.

BARD, District Judge.

This is an action by a tenant against her landlord for three times the amount of alleged overcharges plus a reasonable attorney's fee. During the pendency of this litigation the tenant died and the executor of her estate was substituted as her personal representative. On the basis of the pleadings and the testimony, I make the following special

### Findings of Fact.

1. The plaintiff is Hosford D. Kellogg, Jr., executor of the estate of Imogene Kellogg.

2. The defendant is the Haverford Court Hotel Corporation,[1] a Pennsylvania corporation which has its place of business at Grays Lane and Montgomery Avenue, Haverford, Pennsylvania.

3. This action is brought under the Housing and Rent Act of 1947, as amend-

1. The defendant is called Haverford Court Hotel in the caption.

ed,[2] and the Housing and Rent Act of 1948, as amended.[3]

4. On September 3, 1943 Imogene Kellogg signed an annual lease for an unfurnished apartment consisting of two rooms and bath, known as Apartment D, in the Haverford Court Hotel Annex. The rental was $50 per month. This lease agreement was made with The Pennsylvania Company for Banking and Trusts, mortgagee in possession of the Haverford Court Hotel and Haverford Court Hotel Annex.

5. This lease expired August 31, 1944, and was never renewed in writing.

6. In 1946 the Haverford Court Hotel and Haverford Court Hotel Annex were sold to Edna M. Schrager as an individual. Mrs. Schrager was the president and principal stockholder of the defendant.

7. On November 1, 1946 the defendant became the operating lessee of the Haverford Court Hotel and Haverford Court Hotel Annex.

8. No written lease showing that Mrs. Kellogg was an occupant or guest in the Haverford Court Hotel Annex was ever assigned to or accepted by the defendant, nor did the defendant ever enter into a lease with Mrs. Kellogg.

9. The Haverford Court Hotel Annex is a smaller building that is separated from the Haverford Court Hotel by a ten or twelve foot driveway, but is heated from a central heating plant in the main hotel building.

10. The Haverford Court Hotel Annex contained five or seven non-housekeeping units, including the one occupied by Mrs. Kellogg, and was used for permanent and transient guests.

11. Full hotel services were available at all times to the occupants of each of these five or seven units. These services included furniture and fixtures, daily maid service, daily linen service, bellboy service, telephone service, desk or secretarial service, mail service, dining room and lobby.

12. Because Mrs. Kellogg had her own furniture and linens, she did not use the defendant's furniture, which was stored in the basement of the Haverford Court Hotel, nor did she accept the daily maid and linen service provided by the defendant.

13. For the purposes of rent control, the Haverford Court Hotel Annex is operated as and is part of the Haverford Court Hotel.

14. The Haverford Court Hotel is an establishment commonly known as a hotel in its community.

15. The unit occupied by Mrs. Kellogg was a hotel suite, not an apartment.

16. By letter dated July 1, 1947, Henry Schrager, manager of the defendant, notified Mrs. Kellogg that as of August 1, 1947 her rent would be increased from $50 to $135 per month.

17. On July 14, 1947 the defendant applied for decontrol of all accommodations in the Haverford Court Hotel.[4]

18. On July 16, 1947 the Housing Expediter received and granted the defendant's application for decontrol of the Haverford Court Hotel, such application to be effective as of July 1, 1947.

19. At all times the defendant acted under the advice of counsel, and all acts of the defendant with regard to raising Mrs. Kellogg's rent were done in good faith.

20. Thereafter, Mrs. Kellogg protested this decontrol of the Haverford Court Hotel to the Area Rent Director, Joseph T. Turchi.

21. Mrs. Kellogg paid under protest and the defendant accepted and received $1,620 as rent for the period from August 1, 1947 to July 31, 1948 inclusive.

2. Act of June 30, 1947, c. 163, 61 Stat. 193, as amended, 50 U.S.C.A.Appendix, § 1881 et seq.

3. Act of March 30, 1948, c. 161, 62 Stat. 93, as amended, 50 U.S.C.A.Appendix, § 1881 et seq.

4. This application was filed pursuant to Section 202(c) (1) of Title II of the Housing and Rent Act of 1947. This section was amended by the Housing and Rent Act of 1949.

934

22. By letter dated June 25, 1948 Turchi advised Mrs. Kellogg that after an investigation the Housing Expediter considered the unit occupied by her to have been decontrolled.

23. On August 1, 1948 Mrs. Kellogg vacated the unit she was occupying in the Haverford Court Hotel Annex.

Conclusions of Law.

1. This Court has jurisdiction of this case.

■ 2. For the purposes of rent control, the Haverford Court Hotel Annex is part of the Haverford Court Hotel.

3. The Haverford Court Hotel is an establishment commonly known as a hotel in its community.

■ 4. The unit in the Haverford Court Hotel Annex that was occupied by Imogene Kellogg was decontrolled effective July 1, 1947.

5. The defendant did not overcharge Imogene Kellogg for rent during the period from August 1, 1947 to July 31, 1948 inclusive.

6. Judgment is hereby entered for the defendant.